**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**SOUTHWEST MATERIALS INC**

**CASE NO. 2:24-CV-01441**

**JUDGE JAMES D. CAIN, JR.**

**MAGISTRATE JUDGE LEBLANC**

# MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 48] filed by limitation plaintiff Southwest Materials, Inc. ("Southwest"). Claimant Gerald Miller opposes the motion. Doc. 61.

This limitation of liability suit arises from injuries suffered by Gerald Miller while working on a materials barge, the SMI-101, owned and operated by Southwest on April 21, 2024, at the Port Aggregates Inc. ("PAI") facility in Calcasieu Parish, Louisiana. Specifically, Miller alleges that he tripped on hydraulic hoses that ran along the deck surface of the SMI-101 while that barge was spudded down at PAI's facility. Doc. 28, att. 4, pp. 180, 219–20. Miller filed an admiralty claim and third-party complaint against Southwest as his employer and PAI as his borrowing employer, alleging that he was entitled to damages as a Jones Act seaman injured aboard a vessel as well as under general maritime and state law. Doc. 12.

The matter is set for bench trial before the undersigned on October 13, 2026. Doc. 19. The court granted Southwest's motion for summary judgment, finding that Miller did

not qualify as a seaman and thus dismissing his claims for Jones Act negligence, unseaworthiness, maintenance and cure, and punitive damages. Doc. 45. The court also granted in part and denied in part PAI's motion for summary judgment, dismissing any claims premised on a single business enterprise between PAI and Southwest and any claims under the Jones Act but denying the motion as to Miller's negligence claims against PAI under state and general maritime law. Doc. 55. Miller and PAI, respectively, have moved for reconsideration of the court's rulings on both motions for summary judgment. Docs. 53, 59.

Southwest now moves to exclude all evidence, testimony, and reference at trial to (1) the June 2021 partial sinking and salvage of the SMI-101, including the insurance coverage litigation that followed, and (2) Southwest's post-accident relocation of the hydraulic lines to an elevated position on the deck of the SMI-101. Doc. 48, att. 1. Miller opposes the motion in both regards. Doc. 61. Specifically, he asserts that he never excluded the deck condition as a factor in his fall and that Southwest's relocation of the hydraulic lines is admissible as impeachment and as proof of subsidiary issues, such as knowledge of the condition or feasibility of precautionary measures. *Id.*

The court finds no basis for a pretrial ruling on these requests. Miller specifically cited the deck condition as contributing to the placement of the hoses and stated that he could not rule out other hazards on the deck (such as rocks placed to block holes) as contributing to his fall. Doc. 61, att. 2, pp. 214–15. The court will determine the admissibility of the post-accident measures at trial. "In a bench trial, [motions in limine] are unnecessary, as the Court can and does readily exclude from its consideration

inappropriate evidence of whatever ilk." *Cramer v. Sabine Transp. Co.*, 141 F.Supp.2d 727, 733 (S.D. Tex. 2001). Accordingly, **IT IS ORDERED** that the Motion [doc. 48] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 2nd day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**