**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**SOUTHWEST MATERIALS INC** | **CASE NO. 2:24-CV-01441**

**JUDGE JAMES D. CAIN, JR.**

**MAGISTRATE JUDGE LEBLANC**

# MEMORANDUM ORDER

Before the court are a Motion for Leave to File Amended Complaint [doc. 80] and Motion to Strike [*id.*] claimant's original Motion for Leave to File Amended Complaint [doc. 73] filed by limitation claimant Gerald Miller. Limitation plaintiff Southwest Materials, Inc. ("Southwest") opposes the motion. Doc. 84.

## I. BACKGROUND

This limitation of liability suit arises from injuries suffered by Gerald Miller while working on a materials barge, the SMI-101, owned and operated by Southwest on April 21, 2024, at the Port Aggregates Inc. ("PAI") facility in Calcasieu Parish, Louisiana. Specifically, Miller alleges that he tripped on hydraulic hoses that ran along the deck surface of the SMI-101 while that barge was spudded down at PAI's facility. Doc. 28, att. 4, pp. 180, 219–20. Southwest instituted a limitation action in this court on October 18, 2024. Doc. 1. The resulting notice, issued on November 15, 2024, required all claimants to assert their claims on or before May 18, 2025. Doc. 6. On May 15, 2025, Miller filed an answer, admiralty claim, and third-party complaint, raising Jones Act claims against his

employer, Southwest, and general maritime and state law claims against his borrowing employer, PAI. Doc. 12.

By scheduling conference held on October 6, 2025, the matter was set for bench trial before the undersigned on October 13, 2026. Doc. 19. With this trial setting, the court also set the deadline for amendment of pleadings for June 15, 2026, and the deadline for filing dispositive motions for July 15, 2026. *Id.* On the dispositive motion deadline, Southwest filed its Motion for Summary Judgment. Doc. 28. There it sought dismissal Miller's Jones Act claims based on lack of seaman status and argued in the alternative that any theory of liability under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b), failed because Miller could not establish breach of a vessel owner's duty under *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981). *Id.* Miller opposed the motion but only as to seaman status and did not purport to assert an LHWCA claim against Southwest. Doc. 38. The court agreed that Miller did not qualify as a seaman and thus dismissed his Jones Act claims against Southwest with prejudice. Docs. 45, 46. The court denied PAI's motion for summary judgment, as well as motions to reconsider on both summary judgment rulings, and the matter proceeded toward the October 13 trial date. Docs. 55, 56, 76.

In its pretrial statement, filed on September 15, 2026, Southwest identified as first among the contested legal issues:

> The effect of the Court's August 14, 2026 Memorandum Ruling (Rec. Doc. 45) dismissing Miller's claims for Jones Act negligence, unseaworthiness, maintenance and cure, and punitive damages, and whether any personal injury claim by Miller against Southwest remains to be tried[.]

Doc. 71, p. 12. Miller then filed his first motion for leave to amend, seeking to assert claims against Southwest under the LHWCA.[1] Doc. 73. At the pretrial conference, held two days later, the court continued the bench trial to April 12, 2027, in light of the pending motion for leave to amend. Doc. 78.

Miller filed the instant second Motion for Leave to Amend and Motion to Strike on September 21, 2026, again seeking to assert claims against Southwest under the LHWCA. Doc. 80. Southwest opposes the motion. Doc. 84. It maintains that Miller cannot provide good cause for his failure to timely bring this claim after the limitation deadline and scheduling order deadline. *Id.*

## II.
## LAW & APPLICATION

The time has passed for amending pleadings in this case as a matter of course. Fed. R. Civ. P. 15(a)(1). Accordingly, Miller may amend his complaint with written consent of the opposing party or leave of court. Ordinarily, the court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, however, a scheduling order also governs the deadline for seeking amendment of pleadings. Under Rule 16, a scheduling order may only be modified for good cause and with the consent of the court. Fed. R. Civ. P. 16(b). Thus, the more liberal standard set under Rule 15(a) will only apply if the movant can show good cause for violating the court's scheduling order. *Buchanan v. Wal-Mart Stores, Inc.*, 834 F. App'x 58, 61 (5th Cir. 2020) (citing *Sw. Bell Tel. Co. v. City of El Paso*,

[1] Miller originally filed the motion on the same day Southwest filed its pretrial statement, but refiled it the next day to correct a deficiency. *See* doc. 68.

346 F.3d 541, 546 (5th Cir. 2003)). To establish good cause, the movant must show: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

Under these factors, Miller maintains that good cause exists because he was not aware of the need to add his § 905(b) claim until after the court granted summary judgment on his status as a seaman and that the importance of the amendment is high because he will otherwise lose any right of recovery against Southwest. Additionally, he asserts that the prejudice to Southwest is minimal in light of both the continuance and the fact that his new claim is merely a different legal theory for pursuing Southwest's liability for deck conditions, which should not require significant additional discovery. Southwest opposes the motion, arguing that Miller's strategy in pursuing only Jones Act claims does not excuse his delay and contesting the amount of additional discovery required if Miller is now permitted to pursue a § 905(b) claim.

Miller first notes that § 905(b) claims are sometimes added by amendment after a Jones Act claim. But the case on which he relies is still one in which the claimant pursued both theories in the alternative, rather than waiting to add the § 905(b) claim after the Jones Act claim had been rejected. *See Bommarito v. Belle Chasse Marine Transp.*, 606 F.Supp.3d 304, 310 (E.D. La. 2022) ("The Court, on a motion for summary judgment, dismissed the Jones Act claim and the case proceeded under § 905(b) of the LHWCA."). As Southwest emphasizes, there is no good cause when the movant "could have asserted

[the claim] from the beginning, but fails to explain why it did not." *S&W Enterps.*, 315 F.3d at 536.

Denial of leave to amend may be appropriate even under Rule 15(a)'s more liberal standard when a plaintiff strategically raises a new claim late in litigation as a "tactical maneuver [] to force the court to consider various theories seriatim." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). At the same time, the court is required to weigh the factors set forth in *S&W Enterprises*. 315 F.3d at 536–37. And in this matter, the others all favor allowing amendment. Southwest asserts that it will need additional discovery on the placement of hydraulic lines on the barge deck. But as Miller points out, it had notice of the need for discovery on this issue through the depositions of Miller, Chad Alcock, and Josh Deshotel, and through the report issued by Miller's marine safety expert in June 2025. The placement of these lines is also relevant to PAI's indemnity counterclaim against Southwest, premised on Southwest's alleged fault for Miller's accident. *See* doc. 10, pp. 12–15. Finally, these allegations were emphasized in Miller's opposition to Southwest's Motion for Summary Judgment. *See* doc. 38, p. 6 ("Instead of storing the hoses below the deck, as had been done previously, or elevating the hoses far above the deck, as was done after this incident, the hoses were left laying across these already uneven and unsafe working surfaces by Southwest Materials.").

The court has already continued the bench trial to April, allowing significant time for the completion of any discovery. Miller took an unnecessary gamble in pursuing only Jones Act claims, and counsel should avoid this risk in future matters. But the equities at

this stage do not mandate that the claimant forfeit his ability to recover against Southwest if Southwest bears liability under the LHWCA for the serious injuries he sustained.

Before the court can permit amendment, however, it must also analyze the motion within the rules governing this limitation action. Rule F(4) provides: "For cause shown, the court may enlarge the time within which [limitation] claims may be filed." Supp. Fed. R. Civ. Pro. F(4). The Fifth Circuit has accepted "the guiding principle . . . that 'so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of the reasons therefor.'" *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963) (quoting 3 Benedict, Admiralty § 518, p. 542 (Knauth ed. 1940)). Under these principles, "relief from a tardy claim is not a matter of right" and instead requires "an equitable showing." *Id.* Courts in this circuit look to the following factors in deciding whether to enlarge the limitation period: "(1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for late filing." *In re R&B Falcon Drilling USA, Inc.*, 2003 WL 296535 (E.D. La. 2003) (quoting *Golnoy Barge Co. v. M/T Shinoussa*, 980 F.3d 349, 351 (5th Cir. 1993)). Like the Rule 16 analysis above, this decision thus requires a "balancing of the equities." *Id.* (quoting *In re Lin-Bar Marine, Inc.*, 2001 WL 1033606, at *2 (E.D. La. Sep. 6, 2001)).

Under the first factor, the Fifth Circuit has not defined what "pending and undetermined" means in reference to a limitation proceeding. *Plaquemine Point Shipyard, LLC v. Kirby Inland Marine, LP*, 472 F.Supp.3d 313, 315 (E.D. La. 2020). Instead, courts

are generally guided by the stage of the litigation, discovery, and settlement efforts, as well as the setting of a trial date. *Matter of River Constr. Inc.*, 2026 WL 1611915, at *3 (S.D. Tex. May 13, 2026). Here the parties have completed substantial discovery and participated in a settlement conference. But the bench trial has been continued to April 2027 and no settlement has been achieved between any of the parties. The deadlines for expert disclosures, dispositive motions, motions to compel, motions in limine, and *Daubert* motions were all reset with the new trial date. Accordingly, the court determines that this factor is neutral. *Cf. R&B Falcon Drilling USA, Inc.*, 2003 WL 296535, at *1 (matter was pending and undetermined when trial date had been continued and discovery had been reopened); *In re Bully 1 (Switzerland) GmbH*, 2023 WL 7207482, at *2–*3 (W.D. La. Oct. 10, 2023) (first factor weighed against enlarging limitation period when several scheduling order deadlines had already passed, even though trial date was still nine months away).

Under the second factor, Southwest maintains that its rights would be adversely impacted because of the added costs of defending against the new claims. *See Squyres v. Heico Cos., LLC*, 782 F.3d 224, 239 (5th Cir. 2015) (affirming district court's finding of prejudice based on need to reopen discovery and permit another round of dispositive motions). As Southwest emphasizes, it already sought summary judgment on a potential § 905(b) claim in its first Motion for Summary Judgment. *See* doc. 28. And deck conditions aboard the SMI-101 have been at issue since the start of this litigation. If Southwest now desires to bolster its defense against a § 905(b) claim by exploring the historical placement of hydraulic lines or consulting additional experts, it has the opportunity to do so—as might have been required of it, at any rate, in defense of PAI's indemnity claim. Southwest's

rights are not adversely impacted because it will have a full opportunity to defend against Miller's § 905(b) claim with only minimal additional costs. Accordingly, this factor weighs in favor of enlarging the limitation period.

Finally, as outlined above, Miller fails to show good cause for waiting until this stage to assert his § 905(b) claim. This factor weighs against permitting a late claim. But in light of the minimal prejudice to Southwest and the fact that the matter remains pending and undetermined, equity does not demand that he forfeit his chance to recover against the vessel owner. The court will therefore allow him to amend and assert a claim against Southwest under the LHWCA, 33 U.S.C. § 905(b).

## III.
## CONCLUSION

For the reasons stated above, the court hereby **ORDERS** that the Motion for Leave to Amend and Motion to Strike [doc. 80] be **GRANTED**. Accordingly, the original Motion for Leave to Amend [doc. 73] filed by Gerald Miller is hereby **STRICKEN** and the clerk is directed to docket Miller's proposed amended answer and third-party complaint [doc. 80, att. 3].

**THUS DONE AND SIGNED** in Chambers on the 22nd day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**