**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**SOUTHWEST MATERIALS INC** | **CASE NO. 2:24-CV-01441**

**JUDGE JAMES D. CAIN, JR.**

**MAGISTRATE JUDGE LEBLANC**

# MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 82] filed under Federal Rule of Civil Procedure 12(b)(1) by claimant Louisiana Workers' Compensation Corporation ("LWCC"). Claimant Port Aggregates, Inc. ("PAI") and limitation plaintiff Southwest Materials, Inc. ("Southwest") oppose the motion. Docs. 88, 89.

## I. BACKGROUND

This limitation of liability suit arises from injuries suffered by Gerald Miller while working on a materials barge, the SMI-101, owned and operated by Southwest on April 21, 2024, at the PAI facility in Calcasieu Parish, Louisiana. Specifically, Miller alleges that he tripped on hydraulic hoses that ran along the deck surface of the SMI-101 while that barge was spudded down at PAI's facility. Doc. 28, att. 4, pp. 180, 219–20. Southwest instituted a limitation action in this court on October 18, 2024. Doc. 1.

The full procedural history of the matter since that time is provided in the court's recent ruling on Miller's Motion for Leave to Amend and incorporated by reference here. *See* doc. 86. In relevant part, LWCC, Miller, and PAI have all asserted claims and the

matter is set for bench trial before the undersigned on April 12, 2027. The court ruled on summary judgment that Miller is not a Jones Act seaman. Accordingly, he was recently allowed to amend his complaint and assert a claim against Southwest under § 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). *See id.*

LWCC, Southwest's workers' compensation insurer, initially paid benefits to Miller under the LHWCA. Doc. 82, p. 1. It then discontinued benefits as Miller pursued a Jones Act claim, on the grounds that there was no coverage for Jones Act claims under the policy. *Id.* at 2. In its limitation claim, LWCC demanded reimbursement out of any settlement or judgment in favor of Miller. *Id.*; *see* doc. 7. Southwest then filed a counterclaim for reimbursement of maintenance and cure payments that it (Southwest) had made to Miller, based on Southwest's position that Miller was not a seaman. Doc. 36. LWCC now moves to dismiss Southwest's counterclaim, arguing that it is a new cause of action over which the court lacks an independent basis for jurisdiction. Doc. 82. PAI and Southwest oppose the motion, asserting that the court may exercise supplemental jurisdiction over the claim under 28 U.S.C. § 1367(a).

## II.
## LAW & APPLICATION

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, "the court 'is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands.'" *Voice of the Experienced v. Ardoin*, 813 F.Supp.3d 600, 627 (M.D. La. Oct. 21, 2025) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

Southwest asserts that the court may exercise supplemental jurisdiction over its claim for reimbursement of maintenance and cure payments allegedly owed as worker's compensation benefits by LWCC. "Federal district courts have 'supplemental jurisdiction over all . . . claims that are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III . . . .'" *D'Onofrio v. Vacation Pubs., Inc.*, 888 F.3d 197, 206 (5th Cir. 2018) (quoting 28 U.S.C. § 1367(a)). "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they derive from a common nucleus of operative fact." *Id.* (quoting *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)) (cleaned up).

LWCC asserts that the counterclaim breaks a diversity requirement, because both it and Southwest are Louisiana citizens, and that it is improper under *Boudreaux v. Transocean Deepwater Inc.*, 721 F.3d 723 (5th Cir. 2018). But as both PAI and Southwest note, the court's jurisdiction over the suit is based in admiralty jurisdiction under 28 U.S.C. § 1333. The diversity requirement applies when the court's original jurisdiction is "founded solely on section 1332" and so has no application here. 28 U.S.C. § 1367(b). As for *Boudreaux*, the Fifth Circuit held there that an employer may only recover maintenance

and cure paid to an injured seaman through an offset of the seaman's damages award, and not through an independent suit. 721 F.3d at 727–28. This rule "achieves a fair reconciliation between protecting seamen in the wake of debilitating on-the-job injury and ensuring that shipowners can protect themselves from liability for sums attributable to concealed preexisting injuries." *Id.* at 728. In other words, it has no application to a coverage dispute between the workers' compensation insurer and the insured.

"[T]he court of admiralty in [a limitation] proceeding acquires the right to marshal all claims, whether of strictly admiralty origin or not" and "may furnish a complete remedy for satisfaction of those claims . . . ." *Just v. Chambers*, 312 U.S. 383, 386 (1941). Accordingly, courts sitting in admiralty have long prioritized litigating all possible claims in a single proceeding in addition to the "pragmatic practice" under the federal rules of joining all parties and claims in a single forum. *In re Settoon Towing LLC*, 2008 WL 1788542, at *2 (E.D. La. Apr. 18, 2008) (quoting *In re Oil Spill by the Amoco Cadiz Off the Coast of France on March 16, 1978*, 491 F.Supp. 161, 167 (N.D. Ill. 1979)). Both LWCC's claim and Southwest's counterclaim arise from the injuries giving rise to the limitation proceeding, and the injured party's disputed status as a longshoreman—an operative legal question for Miller and Southwest under the limitation. Accordingly, they derive from the same common nucleus of operative fact and form part of the same case and controversy. Moreover, under well-settled admiralty case law, the counterclaim should be tried within this proceeding to provide complete relief to all the parties in one forum. The court will therefore exercise its supplemental jurisdiction over the counterclaim.

# III.
# Conclusion

For the reasons stated above, the Motion to Dismiss [doc. 82] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 3rd day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**